

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY

James J. Vilt, Jr., Clerk of Court  
502.625.3508

Gene Snyder Courthouse  
601 W. Broadway  
Louisville, Kentucky, 40202

August 20, 2021

Dennis L. Null , Sr.  
Null, Samson & Paitsel  
P.O. Box 5040  
Mayfield, KY 42066

LaToi D. Mayo  
Littler Mendelson, PSC- Lexington  
333 W. Vine Street, Suite 1720  
Lexington, KY 40507

**In Re:  Cima v. Medtronic, Inc. (5:16-cv-00107)**

Dear Counsel:

I have been contacted by Judge Thomas B. Russell who presided over the above-referenced case. Judge Russell has informed me that it has been brought to his attention that while he presided over this case, he owned stock in Medtronic, Inc.

This stock was purchased in the context of Judge Russell's participation in an investment club partnership and, unbeknownst to Judge Russell, was inadvertently not included in the Clerk's Office's conflict screening software at the time this matter was assigned to him.  As you are aware, this case was concluded by way of an agreed order of dismissal following settlement by the parties.

While Judge Russell's ownership of stock neither affected nor impacted his decisions in this case, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Russell directed me to notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

   Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified." With Advisory Opinion 71 in mind, you are invited to respond to Judge Russell's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before September 20, 2021. Any response will be considered by the Chief Judge of this court without the participation of Judge Russell.

               Sincerely,

               /s/ *James J. Vilt, Jr.*

               James J. Vilt, Jr.
               Clerk of Court